NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMTRUST AT LLOYD'S LTD., <br><br> Plaintiff, <br><br> v. <br><br> MORGAN BRESLIN, <br><br> Defendant. | Civil Action No. 14-7761 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant Morgan Breslin ("Defendant" or "Breslin") to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff Amtrust at Lloyd's Ltd. ("Plaintiff" or "Amtrust") has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion insofar as it seeks to transfer the case. To the extent it seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the motion is dismissed as moot.

**I.    BACKGROUND**

This declaratory judgment action concerns a dispute over insurance coverage involving a disability insurance policy issued in 2013 by Plaintiff Amtrust to Defendant Breslin, who was at

the time a student athlete on the University of Southern California's ("USC") football team. (The Court will hereinafter refer to the subject Amtrust insurance contract as "the Policy.")  The Policy was negotiated by Hanleigh Management Inc. ("Haleigh"), a New Jersey corporation and agent for Amtrust, and Ronnie Kaymore of Kaymore Sports Risk Management & Consulting ("Kaymore"), a New Jersey based insurance agent who solicited Breslin to obtain the disability coverage.[1]  Breslin was at all relevant times a resident of California and currently continues to reside in that state.  According to Breslin, Kaymore did not interact directly with him, but rather directed all communications and paperwork, including the application for coverage, to USC's National Collegiate Athletic Association compliance office.  Breslin asserts that he completed the application, dated September 3, 2013, in California and then submitted it to the compliance office, which in turn transmitted it to Kaymore.  Hanleigh received the application, and, thereafter, on October 7, 2013, received the USC football team medical information concerning Breslin. The Policy was issued by Amtrust on November 1, 2013, with an effective date of August 27, 2013.

On September 28, 2013, Breslin was injured in a college football game against Arizona State University.  He initially sought treatment from USC staff and thereafter was treated by providers in California.  Breslin ultimately underwent two surgeries for his injuries, in Germany and Pennsylvania.  He made a claim under the Policy in connection with the injuries he sustained, but Amtrust denied coverage.  According to Amtrust's opposition to this motion, Breslin failed to disclose in his September 3, 2013 application for coverage that he had suffered a recent injury and, as a result, had been prohibited from playing football by USC's trainers and

---

[1] Breslin contests the fact that Kaymore acted as his agent in this process.  This matter does not affect the Court's ruling on the instant motion, but the Court notes it to acknowledge Breslin's position.

physicians from August 4, 2013 through September 1, 2013.  Amtrust has also alleged that Breslin failed to update Amtrust with information on subsequent injuries and/or changes in his health during the time period after his September 3, 2013 application but before the issuance of the Policy on November 1, 2013, as required by the Policy.  As such, Amtrust considers the Policy void and rescinded.

The Complaint alleges that Breslin was advised of the denial of coverage under the Policy by correspondence dated December 12, 2014.  On that same date, Amtrust filed this action in the District of New Jersey, seeking, a declaration that the Policy is null and void, or in the alternative, that Amtrust has no legal obligation to provide Breslin coverage.

Shortly thereafter, on January 16, 2015, Breslin filed his own lawsuit against Amtrust over the very same coverage dispute at issue in this action.  Breslin's suit is currently pending in the United States District Court for the Central District of California.

Breslin seeks a dismissal of this lawsuit on the basis that personal jurisdiction over him in New Jersey does not exist.  Alternatively, he asks the Court to transfer this action to the Central District of California.

## II.  DISCUSSION

Breslin moves to dismiss this action on the grounds that he does not have sufficient minimum contacts with New Jersey to support the existence of specific personal jurisdiction over him in connection with this lawsuit.  See Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985) (holding that, to exercise specific personal jurisdiction over a litigant, a court must conclude that the litigant had sufficient minimum contacts with the forum state in which the court sits and in relation to the pending lawsuit to constitute "fair warning" that he or she may be held

accountable for his activities in the courts of that forum).  While this argument has been opposed by Amtrust, the Court need not reach the question of whether it has personal jurisdiction over Breslin.  It has concluded that Breslin has demonstrated that the alternative relief he requests, a transfer of this action to the Central District of California pursuant to 28 U.S.C. § 1404(a), would serve to further the interests of justice and would allow this action to proceed in a more convenient venue.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995); Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993). Transfer of action pursuant to section 1404(a) is a matter for the Court's discretion.  Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007).

To determine whether, in its discretion, the Court should order a transfer of the action pursuant to § 1404(a), it must balance various private and public interests. Jumara, 55 F.3d at 879.  In Jumara, the Third Circuit provided a list of factors a district court should consider.  The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum). Id.  The public interest factors are: (1) the enforceability of

4

the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

The first two private factors weigh in favor of transfer to California. While a plaintiff's choice of forum is typically given great weight in deciding a motion to transfer venue, the plaintiff's choice deserves less deference when it has not chosen its home forum. Lony v. E.I. Dupont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981) (holding, on motion to dismiss on grounds of *forum non conveniens*, that plaintiff's forum choice deserves less deference when he has not chosen his home forum). Amtrust chose to file this action in New Jersey, but it is "a corporation formed, organized, and registered in the United Kingdom with its principal place of business in the United Kingdom." (Compl., ¶ 8.) Amtrust's selection of a foreign forum, does not, however signify that it has chosen to file this suit in an improper venue. The Court notes that Amtrust has responded to Breslin's arguments regarding transfer by asserting that its chosen venue is proper pursuant to 28 U.S.C. § 1391(a)(2), because the formation of the contract for disability coverage occurred in New Jersey through Hanleigh, Amtrust's New Jersey-based agent and underwriter for surplus lines disability policies. Breslin does not dispute that New Jersey constitutes a proper venue under the governing venue statute, and indeed, Section 1404(a), the provision under which he seeks to transfer the action, applies only if venue is proper in both the transferor court and the transferee court. Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1998). Amtrust's preference for New Jersey simply carries less weight in the Jumara

analysis than it would had New Jersey been its home forum. On the other hand, Defendant Breslin has expressed a strong preference to venue the action in California, his home state, where he has filed his own suit for breach of the Policy arising out of Amtrust's denial of coverage.

The third private factor also favors transfer. Amtrust seeks a declaration that it does not have a legal obligation to cover Breslin under the Policy and/or that the Policy is void due to his failure to disclose pertinent information prior to the issuance of the Policy. The injury for which Breslin seeks coverage occurred in California. It is also the location of a significant portion of his past and ongoing treatment for the injury. To the extent Breslin may have withheld any information about injuries pre-dating the Policy, the events concerning Breslin's alleged non-disclosure, including USC's determination that he was not cleared to play football for a period of time, would be centered in California.

The remainder of the private factors likewise demonstrate that the Central District of California would be a more convenient forum in which to litigate. New Jersey is a foreign forum to both litigants, with no indication of any relatively greater convenience to Amtrust than other fora. In contrast, Breslin is an individual residing in California. The location of the witnesses, as well as documents and records relevant to this action also favor transfer to California. The majority of witnesses with knowledge of Breslin's injuries, treatment and other key information concerning the Policy and Breslin's claim for coverage are in California. These witnesses include USC's physicians and training staff and the individuals working in USC's compliance office who were involved in Breslin's application for insurance coverage. As to books and records, Breslin points out that the entire application process related to the Policy occurred through USC's compliance office. The documents associated with that process are in California,

as are the medical records pertinent to Amtrust's allegations regarding Breslin's failure to disclose prior injuries.

While the transaction culminating in the Policy was brokered by Kaymore, operating in New Jersey, and issued by Amtrust through its New Jersey agent, Hanleigh, it is clear that the events at the core of this coverage dispute arose in California. In short, California is the forum with the greatest connection to the facts underlying both Breslin's claim for coverage under the Policy and Amtrust's stated reasons for denying coverage and/or asserting the Policy is invalid. These factors, together with the relative weight of the parties' expressed forum preferences, militate in favor of venue transfer.

The public factors bearing on the Section 1404(a) analysis are largely neutral, but one does stand out in strong support of transfer of this action to California. Practical considerations relating to the litigation of this case are brought to the forefront by Breslin's argument that Amtrust cannot establish personal jurisdiction over him in the District of New Jersey. The Third Circuit has held that where there is a bona fide dispute over the existence of *in personam* jurisdiction, the interests of justice are furthered by transfer of the action to another district in which the action could have clearly been brought. Schwilm v. Holbrook, 661 F.2d 12, 16 (3d Cir. 1981); see also Societe Novelle Generale de Promotion v. Kool Stop Int'l, Inc., 633 F. Supp. 153, 155 (E.D. Pa. 1985) (following Schwilm and granting § 1404(a) transfer, reasoning that "[i]f the lack of *in personam* jurisdiction is in doubt, sound judicial administration requires transfer to a district where it clearly could have been brought.").

As Breslin has argued with regard to the question of jurisdiction, he is now and has been at all relevant times a resident of California. Nevertheless, New Jersey's long-arm statute permits the exercise of jurisdiction over a non-resident defendant to the extent allowed by the

Due Process Clause of the Constitution.  N.J. Court Rule 4:4-4(c); <u>Carteret Sav. Bank, FA v. Shushan</u>, 954 F.2d 141, 145 (3d Cir. 1992); Fed.R.Civ.P. 4(k)(1)(A) (providing that a federal court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").  It is well established that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. State of Washington</u>, 326 U.S. 310, 316 (1945).  Breslin raises a legitimate dispute about the absence of sufficient minimum contacts, asserting that he neither traveled to New Jersey in connection with the formation of the Policy nor directed any communications to an individual or entity located in New Jersey.  He states, in his declaration in support of this motion, that he was in California when he was solicited by Kaymore for the subject insurance transaction, that he completed and signed the application for coverage in California and, further, that transmission of the paperwork in connection with this transaction did not occur directly between him and Kaymore but rather through USC's compliance office.  In short, he maintains that he did not purposefully establish any contact with New Jersey relating to the coverage dispute in litigation.

  Here, the Court faces precisely the type of personal jurisdiction issue which may be avoided by transfer of the action to the Central District of California.  In contrast, proceeding with the action in the District of New Jersey would require this Court to resolve the issue, at the expense of the litigants' time and money as well as the Court's own resources.  Moreover, the bona fide dispute over *in personam* jurisdiction calls into doubt the parties' ability to obtain a speedy, full and final resolution of Amtrust's claims in the District of New Jersey.  A Section

1404(a) transfer to an appropriate venue where this doubt is removed serves to prevent wasteful litigation draining to both the private parties involved in this suit and to the public, which has an interest in the efficient and effective use of the courts.

Amtrust raises no argument concerning the relative convenience of the two competing fora, nor does it contend that transfer of this action would run counter to the interests of justice. As noted above, it merely sets forth the reasons New Jersey is a proper venue.  Despite having filed an opposition brief and a sur-reply, Amtrust has not opposed Breslin's motion insofar as it seeks transfer pursuant to Section 1404(a).

For the reasons set forth above, Breslin has carried his burden of demonstrating that the Central District of California is more convenient venue than District of New Jersey for the litigation of this action.  The Court concludes that a transfer would serve the interests of justice and further the goals of 28 U.S.C. § 1404(a).

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to transfer venue. In its discretion, it will order this action transferred to the United States District Court for the Central District of  California pursuant to 28 U.S.C. § 1404(a).  To the extent Defendant's motion seeks dismissal of the claims pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of *in personam* jurisdiction, the Court will dismiss that portion of the motion as moot.  An appropriate Order will be filed.

                                                  s/Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                                 United States District Judge

Dated:  March 26, 2015